NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1773
_____

UNITED STATES OF AMERICA

v.

SHANTELL LAMONT JONES,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court  No. 1-12-cr-00038-001
District Judge: The Honorable Sean J. McLaughlin

_____

Argued November 20, 2013

Before:  AMBRO, SMITH, *Circuit Judges*
and O'CONNOR,* *Associate Justice (Ret.)*

(Filed: January 14, 2014)

Robert L. Eberhardt, Esq.
Rebecca R. Haywood, Esq.      [ARGUED]
Office of United States Attorney
700 Grant Street
Suite 4000

_____

* The Honorable Sandra Day O'Connor, Associate Justice (Ret.) of the Supreme
Court of the United States, sitting by designation.

Pittsburgh, PA 15219
    *Counsel for Appellee*

John J. Mead, Esq.          [ARGUED]
900 State Street
Suite 103
Erie, PA 16501
    *Counsel for Appellant*

_____

OPINION

_____

SMITH, *Circuit Judge.*

Shantell Jones pled guilty on October 16, 2012, to two separate counts of distributing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(2). In calculating Jones's Guidelines' range, the Presentence Investigation Report ("PSR") recommended that Jones be sentenced as a career offender under United States Sentencing Guideline § 4B1.1 because he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." The career offender recommendation was based on two previous convictions listed in the PSR: (1) a 1997 conviction under Pennsylvania's simple assault statute, 18 Pa. Const. Stat. § 2701, and (2) a 2003 felony conviction for possession and distribution of cocaine.

Jones filed an objection to the PSR, arguing that there was insufficient evidence that his 1997 simple assault conviction constituted a "crime of violence"

2

under U.S.S.G. § 4B1.2, and thus the career offender enhancement should not apply. More specifically, he argued that some subsections of Pennsylvania's simple assault statute—in particular subsections (a)(1) and (a)(2)—criminalize negligent or reckless conduct, and therefore do not qualify as crimes of violence under the Sentencing Guidelines. The Government responded by producing a copy of the charging document (the "Information") from Jones's simple assault case. The Information specifically charged Jones with violating 18 Pa. Const. Stat. § 2701(a)(3),[1] a subsection of Pennsylvania's simple assault statute that this Court previously held to be a crime of violence in *Singh v. Gonzales*, 432 F.3d 533, 539 (3d. Cir. 2006). Pointing to the Information, the Government argued it had sufficiently established that Jones's conviction qualified as a predicate offense for purposes of the career offender enhancement.

Relying on the materials produced by the Government, the District Court

---

[1]    The Information in Jones's 1997 simple assault case stated, in pertinent part:

> The District Attorney of Erie County by this Information charges that on (or about), February 22, 1997, in the said County of Erie and State of Pennsylvania the said SHANTELL LAMONT JONES did attempt by physical menace to put another in fear of imminent serious bodily injury, to-wit: TOMMIE DIXON, in that the said SHANTELL LAMONT JONES did attempt to re-enter the Steppin' Out Lounge with a handgun putting the victim in fear, occurring at 1956 Buffalo Road, Erie, Pennsylvania; thereby the said SHANTELL LAMONT JONES did commit the crime of SIMPLE ASSAULT, a misdemeanor of the second degree.

At bottom of the page above "Citation of Statute & Section," the Information listed "18 P.S. 2701(a)(3)."

concluded that Jones's 1997 conviction was a crime of violence as contemplated by the Sentencing Guidelines. Therefore, the District Court applied the career offender enhancement, raising Jones's Guidelines' range from 33 to 41 months to 151 to 188 months, and sentenced him to a term of 168 months' imprisonment. Following the District Court's ruling on the career offender enhancement, Jones argued that the enhancement overstated his criminal history and therefore asked the Court for a downward departure from the prescribed range. The District Court denied this request, stating that Jones is "the quintessential career offender." Jones timely appealed.[2]

On appeal, Jones argues that the Government's evidence was insufficient to prove he was convicted of violating 18 Pa. Const. Stat. § 2701(a)(3) because the Information established only that he was *charged* with a crime of violence, not that he was *convicted* of such an offense. The question of whether a charging document is, by itself, sufficient evidence to satisfy the Government's burden of proving that the defendant was convicted of a crime of violence is one that has not been squarely addressed by this Court. With the filing by the Government, post-oral argument, of a Rule 28(j) letter, we need not answer that question today.

At argument, counsel for the Government informed the Court—for the first time—that the Information was not the only evidentiary document presented to the

---

[2]    The District Court had jurisdiction over this criminal action pursuant to 18 U.S.C. § 3231, and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

District Court to show that Jones was convicted of a § 2701(a)(3) offense.[3] In a revelatory announcement, counsel for the Government informed the Court that an entry on the District Court's docket sheet contained various exhibits related to Jones's conviction. Included within that entry was a copy of the state court's 1997 judgment of sentence and a signed copy of the "Defendant's Statement of Understanding of Rights Prior To No Contest Plea." Both specifically and clearly provide that Jones pled no contest to the offense "as charged" in the Information.[4]

In view of the record now before us, resolution of this appeal is straightforward. That the criminal information filed in 1997 charged Jones with simple assault under 18 Pa. Const. Stat. § 2701(a)(3) has never been called into question. Nor can it be disputed that that offense is a "crime of violence" as that term is defined in the Sentencing Guidelines. With the judgment of sentence and signed plea agreement (which were apparently submitted to the District Court but only recently brought to our attention) now part of the record, we are satisfied that Jones pled "no contest as charged" under subsection (a)(3) of Pennsylvania's

---

[3] In its responsive brief, the Government made the bald assertion that the District Court "was presented with a record which established Jones' conviction of simple assault under [18 Pa. Const. Stat. § 2701(a)(3)] following his plea of *nolo contendere*." This assertion, however, was unsupported by a discussion of, or citation to, any evidence in the record other than the charging instrument. It was not until oral argument that the Government advised this panel of specific documents presented to the District Court which showed that the offense to which Jones pled *nolo contendere* in 1997 was a § 2701(a)(3) assault.

[4] On November 27, 2013, the Government submitted these missing documents along with a Rule 28(j) letter acknowledging its failure to cite to, or otherwise identify, the documents in connection with its merit brief.

simple assault statute.  Accordingly, we will affirm the District Court's application

of the career offender enhancement.