NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2507
_____

UNITED STATES OF AMERICA

v.

SHANTELL LAMONT JONES,
Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-12-cr-00038-001)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 28, 2021
_____

Before:  SMITH, *Chief Judge*, PHIPPS and ROTH, *Circuit Judges*.

(Filed: July 9, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

In 2012, at age 39, Shantell Lamont Jones twice sold powder cocaine to a confidential informant in Erie, Pennsylvania. A federal grand jury indicted him, and he pleaded guilty to two counts of drug possession and distribution under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* 18 U.S.C. § 3231 (conferring jurisdiction over federal crimes). Because that was not Jones's first or second conviction – in fact, it was his ninth as an adult, including two firearms offenses – the sentencing court applied the career-offender enhancement under U.S.S.G. § 4B1.1. *See United States v. Jones*, 552 F. App'x 185 (3d Cir. 2014) (affirming application of the career-offender enhancement). Jones's resulting sentence consisted of two concurrent 168-month terms of imprisonment.

Jones's projected release date is July 20, 2024. But under the First Step Act of 2018, he moved for compassionate release based on his removed spleen, hypertension, hypercholesterolemia, and appendicitis in combination with the risks posed by the COVID-19 pandemic. *See* 18 U.S.C. § 3582(c)(1)(A). The District Court denied his motion, and Jones timely appealed. As a challenge to a final order, his appeal is within our appellate jurisdiction, *see* 28 U.S.C. § 1291, and we will affirm the District Court's order.

Three criteria govern compassionate-release motions. Courts evaluate such motions (i) for extraordinary and compelling reasons for release; (ii) with due consideration of the sentencing factors listed at 18 U.S.C. § 3553(a); and (iii) for consistency with any applicable policy statements from the United States Sentencing

Commission. *See* 18 U.S.C. § 3582(c)(1)(A). Any of those criteria may provide a basis for denying the motion.

The District Court denied Jones's motion for two reasons. It determined that his medical conditions were not extraordinary and compelling, even considering the COVID-19 pandemic. *See United States v. Jones*, 2020 WL 3871084, at *2–4 (W.D. Pa. July 8, 2020). It also explained that a reduced sentence would be inappropriate under the § 3553(a) factors. *See id.* at *4.

Jones challenges both of those rationales on appeal. In response, the Government argues that the District Court did not abuse its discretion in denying Jones's motion. The Government further contends that the statutory phrase "extraordinary and compelling reasons" should have only the meaning defined in U.S.S.G. § 1B1.13, which is a Sentencing Guidelines policy statement. But even if that phrase does not have that particular meaning, the Government submits that Jones cannot meet the standard.

The District Court did not abuse its discretion in considering the § 3553(a) factors, and that suffices to affirm the denial of Jones's motion for compassionate release. *See United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). The District Court evaluated the § 3553(a) factors in recognition that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons' statutory role, and its] extensive and professional efforts to curtail the virus's spread." *Jones*, 2020 WL 3871084, at *3 (quoting *United States v. Raia*, 954 F.3d 594,

597 (3d Cir. 2020)). Further, in considering "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the District Court agreed with the assessment that Jones was "the quintessential career offender." *Jones*, 2020 WL 3871084, at *4 (citation omitted). As it observed, even without the career-offender enhancement, Jones would have a Category VI criminal history – the highest category – because of his "long history of criminal behavior since age 18[,] with most gaps in that behavior occurring only during times of incarceration." *Id.* In assessing "the need for the sentence imposed," 18 U.S.C. § 3553(a)(2), the District Court recognized that Jones's offenses include not only multiple drug offenses, but also simple assault, carrying a firearm without a license, reckless endangerment, receiving stolen property, and driving under the influence. *See Jones*, 2020 WL 3871084, at *4. The District Court further appreciated two other facts that likewise counseled against compassionate release: his age when he committed his most recent drug offense and his being under court supervision at the time. *See id.* Nothing about the District Court's analysis prompts "a definite and firm conviction that [the court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Pawlowski*, 967 F.3d at 330 (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

Accordingly, we will affirm the order denying Jones compassionate release.